Nash, J.
 

 When this case was formerly before uSy it was on a motion to dissolve the injunction and remove the sequestration previously granted. These motions were refused; and,
 
 *600
 
 the canse being remanded to the Court of Equity for Rowan' County, a general replication was filed to the answer. It is-now here for a final hearing, without any testimony on either 8^6_ ptaintifT in his bill states, that he had lived with the.defendant several years, as a clerk, during which time' he had accumulated considerable property, consisting of moftey and notes, and other evidences of money due, which, together with what he had on hand when he went to the defendant’s, amounted to the sum of $ , that he slept in a room OVer the shop of the defendant, and
 
 the
 
 defendant’s brother in the same room; that on the night of the the brother made some trifling excuse for sleeping in another room, and about midnight he was roused from his sleep by the entrance of the defendant, with a candle in one hand and a knife' in the other. After lowering the window curtains, he came to his bed, charged him with having robbed him and tbréatened to kill him, if he did not give up all his property;' which he did. The bill asked for an injunction and sequestration, both of which were granted. The bill further charged that the brother had been removed from the room by the defendant that there might be no witness to the transaction. The defendant admits by his answer, that, being fully satisfied in his own mind of the dishonest conduct of fh'e plaintiff, of his having plundered him, he took occasion to cal! upon him at a late' hour of the night, and charge him with having plundered and stolen from him a large amount; but denies he threatened to kill him, if he did not give up the property, but told him he should expose and prosecute him; that the defendant had been acting as his clerk for several years) and it was his settled and solemn conviction, that he was, during that period, robbed by him, from time to time, of a large amount of property, greatly larger than what he took from him.- And that he' was induced to pursue the course he did, in order to sálve' the reputation of the plaintiff and the feelings of his friends and relations. In the opinion delivered in the case, upon the hearing of the interlocutory order, the Court says “the rule of Equity is, when an answer to a bill for an
 
 *601
 
 injunction, admits the plaintiff’s equity but seeks to get rid it by a new equity of his own, the injunction must be ued to the heaving, when the defendant will be at liberty to sustain his equity by testimony, if-he can. The defendant has taken no testimony, and the case is to be heard now, as it was upon the defendant’s motion to dissolve the injunction. — • If upon the bill and answer, then, the court, by the rules of equity, could not dissolve the injunction, neitl|pr can they now, without testimony, give the defendant a decree. If they could, they were very idly employed in continuing the injunction to the hearing. The very reason, assigned by the court for their decree, points out the necessity, on the part of the defendant, of sustaining his equity by proper testimony, before he can obtain a decree in his favor. An answer, after replication, is not evidence for the defendant, except as it is made'sü by discoveries called for in the bill, and which are responsive to direct charges, or special interrogatories.
 
 Gillis and Martin, 2
 
 Dev. Eq. 473. It is not like one charging and discharging himself in the same breath, standing as one admission as if he had said, true 1 took the property from you, under the circumstances mentioned, but immediately returned it to you. But here the defendant admits the truth of the plaintiff’s charge, and introduces new matter or new facts, constituting, in his opinion, his justification j and which is not responsive to any allegation of the bill. This new and irresponsive matter must not rest, for its proof, upon the defendant’s oath, but must be sustained by proof
 
 aliunde. Lady Ormodo
 
 v.
 
 Hutchin
 
 son, 13 Tes. Jr. 47.
 

 We do not mean to be understood as saying, if the defendant had sustained, by proof, his allegations against the plaintiff, that we should have permitted him to retain possession oí the fruits of his violence. The circumstances, as detailéd by himself, show a spirit of outrage and disregard of all lawful restraint, that cannot be countenanced in a Court of Equity. — - If the plaintiff had been guilty of the acts which he alleges, but which he does not charge as facts, the courts of justice
 
 *602
 
 are Open to him, and the evidence, which satisfied his mind, migh have satisfied the minds of a jury of his country.— Those courts are still open to him. But he must, in the meari tjmGj piace piaintiff in the situation, in which he was, before he forced from him his property. There is one feature of the case, which gives to the defendant’s conduct a peculiar atrocity. It is the fact, alleged by the plaintiff and not denied by the defendant, that he- caused his brother to remove from the room of the plaintiff, where he had before then slept, on the night selected by him for the. transaction. He took care to remove out of the way the only person, who could have witnessed the deed, and if he is now without evidence to sustain his statement of the transaction, it is his own fault. A deed so covered by fraud and violence, cannot be countenanced by. any court.
 

 ' An argument is urged for the. defendant, that he gave the plaintiff his bond for $4,869, and that this was a substantive1 contract, legalising what bad before been done. But the defendant admits that was a mere matter of form ; for that he gave the bond to enable the plaintiff to satisfy his friends, that the defendant owed him. that, sum, and, at the same time,, the' plaintiff executed to him an acquittal and release of the bond. That.release, if genuine, can amount to nothing as a defence' in this, cause, as.it is clear that not a cent was paid by the defendant; and, indeedj this paper,- under the circumstances, must he cpnsidered as having-been obtained by the same means the others Were, namely, by what, in this court, is considered nothing less than overpowering moral, if not physical, duress.
 

 The plaintiff must, therefore, be declared entitled" to the several bqnds. and other securities, obtained by the defendant from him, as mentioned in the pleadings. And it must be referred, to. the master to ascertain wli.at they were, and what sum or 'sums.of money, if any, the;defendant has collected thereon; .and who has. the.custody of the same; and let it be declaredjthat die.defendant is liable to pay to the plaintiff such sum or' ■anms of-money, if' any, wfnyh. he-may-have, received on any.
 
 *603
 
 of the said securities, and to re-assign to him such of the enrities as yet remain uncollected.' And let it be further dedared, that the plaintiff shall bring into court the bond given to him by the defendant for the sum of $4,869, dated the 3rd day of October, 1842, mentioned in the pleadings, in order that the same may be cancelled.
 

 P,kii Curiam, Decree accordingly.